Arthur D'AMARIO, III

v.

Daniel C. SILVERMAN, M.D., Charles J. Sachs, Beth Israel Hospital, Andrew T. Gouse, M.D., Butler Hospital, Mental Health Services.

No. 98–137–A.

*Supreme Court of Rhode* Island.

Feb. 26, 1999.

Andrew Horwitz, Bristol, Daniel E. Ciora, Providence.

Robert W. Smith, Providence, Jennifer Jane Gnys.

### ORDER

The plaintiff, Arthur D'Amario, III, appeals from an entry of judgment in favor of the defendant, Mental Health Services of Cranston, Johnston and Northwestern, Rhode Island, Inc. After reviewing the parties' prebriefing statements, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we decide this appeal without further briefing or argument.

The plaintiff filed a complaint, alleging medical malpractice, against the defendant. In an unrelated criminal proceeding the plaintiff pleaded nolo contendere and was sentenced to probation with special conditions. As part of the plea agreement, the plaintiff executed a conditional order of dismissal in pending civil actions, including the instant case. The plaintiff agreed that a conditional order of dismissal would enter in civil actions presently pending before the court unless a licensed Rhode Island attorney entered an appearance on behalf of the plaintiff within 60 days. Pursuant to the conditional order of dismissal, the defendant sought and was granted a final judgment.

In *State v. D'Amario,* 725 A.2d 276 (R.I. 1999), the defendant challenged the terms of the plea agreement in the criminal proceeding which restricted his pro se access to the courts. In that case, we held that the defendant had voluntarily accepted the terms of the plea agreement and was therefore precluded from now "claiming that his rights were violated by the very plea agreement he designed to avoid facing trial and a possible prison sentence." *Id.* at 280. We also stated that a litigant's access to courts may be restricted to preserve the court's limited resources. *Id.* at 277. We concluded that the conditional dismissal order was proper insofar as it did

not bar the defendant from representing himself in cases in which he was a defendant.

The plaintiff in this action now raises the identical argument that he, as a defendant, previously raised in *State v. D'Amario.* The plaintiff again challenges the validity of the conditional order of dismissal. He contends that the conditional order of dismissal violated his constitutional right to access to the courts and, thus, could not be waived. We disagree.

We conclude that based on our recent holding in *State v. D'Amario* and, for the reasons stated above, the trial justice did not err in entering judgment for the defendant. Consequently, the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.